IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01144-WYD-CBS

DANIEL FALCO, an individual; and
JASON VESTAL, an individual,

    Plaintiffs,

v.

YRC INC., f/k/a Roadway Express, Inc., a Delaware corporation;
TEAMSTERS LOCAL UNION 961, a Colorado unincorporated association; and
DOES 1-25,

    Defendants.

## ORDER

THIS MATTER comes before me on the Renewed Motion to Dismiss from Defendant YRC Inc. Pursuant to F.R.P.C Rule 12(b)(6) filed July 8, 2009 [d/e 26] and Defendant Teamsters Local Union 961's Renewed Motion to Dismiss filed July 13, 2009 [d/e 29]. I have also reviewed the Plaintiff's Combined Response to Defendants' Renewed Motion to Dismiss filed August 3, 2009 [d/e 34] and the Defendants' Replies thereto [d/e 39 and 43]. For the reasons set forth below, Defendants' motions are **GRANTED IN PART and DENIED IN PART**.

**I.    BACKGROUND**

The following facts are set out in the light most favorable to Plaintiffs. Plaintiffs Daniel Falco and Jason Vestal, both members in good standing of Teamsters Local Union

961, began working as drivers for Defendant YRC Inc. in early 2007. (Pls. Am. Compl., ¶¶10-12 [d/e 17]). On January 5, 2008, YRC laid off Plaintiffs for lack of work. (*Id.* at ¶13). As a result of the circumstances surrounding that employment decision, Plaintiffs filed grievances with Teamsters on March 31, 2008. Plaintiffs alleged that YRC owed them pay under their contracts and Plaintiff Falco also alleged that YRC had discriminated against him. (*Id.* at ¶¶20, 34). A Teamsters representative, Plaintiffs and YRC participated in a hearing on the grievances before the Joint Western Area Committee ("JWAC") on August 4, 2008. (*Id.* at ¶36). JWAC held an executive session in private and summarily denied the grievances. (*Id.* at ¶42).

In early December 2008, Plaintiffs retained counsel and contacted YRC and Teamsters to propose settlement of their claims. (Pls. Am. Compl., ¶¶45-46 [d/e 17]). In early January 2009, Teamsters and YRC rejected Plaintiffs settlement demands. (*Id.* at ¶49). Following ongoing settlement discussions, YRC indicated in early February 2009 that it would reconsider the prior settlement demand from the Plaintiffs. (*Id.* at ¶51). YRC subsequently rejected that settlement offer again, but invited Plaintiffs to submit a lower demand. (*Id.*) Plaintiffs submitted a reduced demand and, after not hearing from YRC for several weeks, asked for a response within 7 days. (*Id.* at ¶¶52-53). Counsel for YRC requested additional time to respond explaining that his client contact was unavailable. (*Id.*). YRC thereafter rejected the reduced settlement offer and Plaintiffs filed suit the next day. (*Id.* at ¶54). Plaintiff Falco also failed a claim with the National Labor Relations board, which was denied in December 2008. (*Id.* at ¶45).

Plaintiffs filed a three-count complaint in the District Court of Jefferson County,

Colorado in an action entitled *Daniel Falco and Jason Vestal v. YRC, Inc., f/k/a Roadway Express, Inc.; Teamsters Local Union 961; and DOES 1-25*, Case No. 2009CV1932. In the first claim, Plaintiffs allege that YRC and Teamsters breached a collective bargaining agreement. (Pls. Am. Compl., ¶¶58-61 [d/e 17]). The second claim for relief alleges that Teamsters breached its duty of fair representation. (*Id.* at ¶¶62-65). In their third claim, Plaintiffs allege that Teamsters and others were negligent in handling the resolution of Plaintiffs' grievance claims and Teamsters negligence also caused YRC to lay Plaintiffs off in 2008. (*Id.* at ¶¶66-71). Defendants removed the case to this Court on May 18, 2009. [d/e 1]. Defendants thereafter moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6) because Plaintiffs' first two claims are barred by the applicable six-month statute of limitation to "hybrid" § 301/unfair representation claims.[1] [d/e 8, pp. 1-2; d/e 7]. Defendants also sought dismissal of Plaintiffs' third claim because it is preempted by Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C.A. § 185. *Id.*

Plaintiffs responded to Defendants' motions to dismiss and also simultaneously sought leave of this Court to file an Amended Complaint. [d/e 15, 17]. Plaintiffs argued that the applicable six month statute of limitations had been tolled and filed the Amended Complaint to set forth "more detail on the discovery of their claims and the parties' pre-suit negotiations" and to state the allegations that the statute had been tolled with "greater

---

[1] A "hybrid" § 301/unfair representation claim has been described by the Tenth Circuit as "a judicially created exception to the general rule that an employee is bound by the result of grievance or arbitration remedial procedures provided in a collective-bargaining agreement." *Edwards v. International Union, United Plant Guard Workers of America*, 46 F.3d 1047, 1051 (10th Cir. 1995). In a typical "hybrid" claim, an employee claiming wrongful discharge in violation of the collective bargaining agreement argues that the "employer breached a collective-bargaining agreement and the union breached its duty of fair representation" in connection with the grievance process the employee followed after his discharge. *Id.* at 1050. Under those circumstances, the "employee's unfair representation claim against his union and the underlying § 301 claim against his employer are 'inextricably interdependent.'" *Id.* at 1051 (*quoting DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983)).

specificity." [d/e 34, p. 2; d/e 15, pp. 1-2]. Plaintiffs were granted leave to amend their complaint whereupon Defendants filed renewed motions to dismiss for substantially the same reasons identified in their prior motions to dismiss.

## II.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citations omitted). This Court "assume[s] the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009). While normally asserted as an affirmative defense, a contention that a plaintiff's claim is barred by the applicable statute of limitations may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).

## III.  LEGAL ANALYSIS

### A.  PLAINTIFFS' "HYBRID" § 301/UNFAIR REPRESENTATION CLAIMS; AMENDED COMPLAINT COUNTS I AND II

As an initial matter, I note that Plaintiffs have conceded that their first and second

claims for relief are "hybrid" § 301/unfair representation claims subject to a six-month statute of limitations. *See e.g.,* Pls.' Mot. pp. 1-2, 5 [d/e 34]. In addition, Plaintiffs have conceded that they were aware of the JWAC board's decision on August 4, 2008. *Id.* at p. 4, ¶7. Plaintiffs argue, however, that equitable tolling principles apply here such that the accrual of their claims was delayed "several months following the JWAC hearing." *Id.* at p. 2. Plaintiffs, however, misapprehend the interaction of equitable tolling principles, the accrual of a cause of action and deadlines imposed by statutes of limitations.

The Tenth Circuit has previously addressed what events signal the commencement of the six-month limitation period and the accrual of a "hybrid" § 301/unfair representation action in *Edwards v. Int'l Union Plant Guard Workers of Am.,* 46 F.3d 1047 (10th Cir. 1995). In *Edwards*, the Tenth Circuit reaffirmed the general rule that "the limitation period begins to run when an employee knows or in the exercise of reasonable diligence should have known or discovered the acts constituting the union's alleged violations." *Id.* at 1053 (quotations omitted). Where as here, the union represents an employee throughout the grievance process, "a claim challenging the adequacy of that union's representation does not accrue until the dispute resolution process has been completely exhausted." *Id.* at 1053-54. Based on the allegations of the Complaint - as confirmed by the arguments of both Plaintiffs and Defendants - the Plaintiffs' "hybrid" § 301/unfair representation claims accrued on August 4, 2008.

Relying on equitable tolling principles, Plaintiffs argue that the accrual of their cause of action was delayed several months from August 4, 2008. I disagree. Equitable tolling does not affect the "accrual" of a cause of action. Rather, equitable tolling stops the

running of the limitations period during the tolling event, which begins to run again only when the tolling event has concluded. *United States v. Ibarra*, 502 U.S. 1, 4 n.2 (1991). As a consequence, the time remaining on the limitations period is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped. *Id.* In other words, Plaintiffs cause of action accrued on August 4, 2008, which is also the date that the six month limitations period for filing a claim commenced. As such, Plaintiffs were required to file a claim by January 31, 2009, or be barred by the six-month statute of limitations. It is the January 31, 2009 deadline for filing a claim that will be tolled, if at all, by the number of days that should be excluded under equitable tolling principles. Because Plaintiffs filed their Complaint on April 22, 2009, I must determine whether Plaintiffs have alleged facts that would make it plausible that the limitations period was tolled for 81 days in order to survive Defendants' motion to dismiss. *See Aldrich*, 627 F.2d at 1041 n. 4 (Once a defendant satisfies his initial burden to show that a claim is untimely, the burden shifts to Plaintiff to show that there is a basis to toll the statute of limitations).

Although it is a close call, I find that Plaintiffs have alleged sufficient facts for me to find it plausible that the limitations period has been tolled here. *See Twombly*, 127 S.Ct. at 1969 (a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely)(quotations omitted). It is not incumbent upon Plaintiffs to allege facts to *prove* that they are entitled to equitable tolling at this time, only that it is plausible. *Gallagher*, 587 F.3d at 1068. I believe the Plaintiffs have satisfied that threshold showing here. First, Plaintiffs were only represented by counsel at the very end of the limitations period.

Further, Plaintiffs have alleged that the Defendants affirmative acts in December, January, February and March of 2009 caused them to delay filing the instant case. Here, the Plaintiffs have "nudge[d their] claims across the line from conceivable to plausible' in order to survive Defendants' motion to dismiss. *The Ridge at Red Hawk, L.L.C. v.Schneider*,493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 547). Moreover, absent a factual record on the circumstances surrounding Defendants' conduct in December, January, February and March, this issue is simply not ripe for determination on a Rule 12(b)(6) motion.[2] Therefore, this aspect of Defendants' motion to dismiss is denied with leave to renew this argument at the summary judgment stage if they wish to do so.

### B.  NEGLIGENCE CLAIM; AMENDED COMPLAINT COUNT III

Defendants also move to dismiss Plaintiffs' third claim for relief because § 301 of the LMRA preempts Plaintiffs' state law claim for negligence. Relying on *Saunders v. Amoco Pipeline Co.,* 927 F.2d 1154, 1155 (10th Cir. 1991), Defendants argue that when the resolution of a state law claim depends upon analysis of the terms of a labor agreement, section 301 preempts that claim. [d/e 43, p. 7]. Plaintiffs argue that the negligence claim is an "independent tort" because they alleged a "special relationship" existed between Teamsters and Plaintiffs. [d/e 34, p. 20].

While I am required to assume the truth of all well-pleaded facts in Plaintiffs' Amended complaint, this assumption is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements. *See Iqbal*,

---

[2] I do not mean to suggest that these types of claims are not amenable to resolution on a Rule 12(b) motion, only that *this* claim cannot be resolved at *this* stage of the proceeding. *See, e.g., Aldrich*, 627 F.2d at 1041 n. 4(Statute of limitations questions may, therefore, be appropriately resolved on a FED. R. CIV. P. 12(b) motion)(citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE §1357, at 606-08 (1969)).

129 S.Ct. at 1949. Plaintiffs conclusory reference to a "special relationship" and the equally conclusory allegation that the alleged duty "arose and existed independent of any contractual requirements" is insufficient here. *Id.* Plaintiffs' Count III lacks the necessary nonconclusory factual allegations to survive the motion to dismiss. Stripped of these conclusory allegations, it is clear to me that Plaintiffs' negligence claim is "inextricably intertwined" with the parties' contracts, and is, in fact, repetitive of Count II, and is therefore pre-empted. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-13 (1985); *Saunders,* 927 F.2d at 1155.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Renewed Motion to Dismiss from Defendant YRC Inc. Pursuant to F.R.P.C Rule 12(b)(6) filed July 8, 2009 [d/e 26] and Defendant Teamsters Local Union 961's Renewed Motion to Dismiss filed July 13, 2009 [d/e 29] are **GRANTED IN PART and DENIED IN PART**. The motions are **GRANTED** to the extent that Count III of Plaintiffs' Amended Complaint is hereby **DISMISSED**. Defendants' motions are **DENIED** in all other respects as set forth *supra*.

Dated: March 3, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge